United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-60129
Summary Calendar

———————————

SANJAY KIRTIBH SHAH,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 510 085
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sanjay Kirtibh Shah petitions this court for review of the Board of Immigration Appeals's (BIA's) decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Shah contends that he is entitled to asylum and asserts that the immigration judge erred in determining that there were no changed country conditions so as to excuse the untimeliness of his asylum application. We do not, however, have jurisdiction to review the immigration judge's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretionary determination that Shah's asylum application was untimely.  See 8 U.S.C. § 1158(a)(3).  The petition for review is thus DISMISSED as to the claims concerning asylum.

The IJ's conclusion that Shaw was ineligible for withholding of removal is supported by substantial evidence.  The evidence does not compel a contrary conclusion.  Shah has not shown that he will be singled out for persecution if he returns or that there is a pattern or practice of discrimination against Muslims. See 8 C.F.R. § 208.16(b)(1), (2); see Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005).

Shah does not argue in his brief that he was due relief under the CAT.  As such, the claim is waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Shah's petition for review is DENIED IN PART.

PETITION DISMISSED IN PART AND DENIED IN PART.